NOT DESIGNATED FOR PUBLICATION

No. 117,642

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

EDWARD C. JOHNSON,
*Appellant*,

v.

KARI BRUFFETT, Secretary of the KANSAS DEPARTMENT FOR
AGING AND DISABILITY SERVICES,
*Appellee*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; JOHN E. SANDERS, judge. Opinion filed December 29, 2017. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Lori D. Dougherty-Bichsel*, senior litigation counsel, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., BUSER and ATCHESON, JJ.

PER CURIAM: Edward C. Johnson has been confined at the Larned State Hospital for treatment as a sexually violent predator as provided in the Kansas Sexually Violent Predator Act (KSVPA), K.S.A. 59-29a01 et seq. He filed a petition for habeas corpus relief under K.S.A. 2016 Supp. 60-1501 in the Pawnee County District Court alleging he had been denied participation in vocational and work training programs and that such participation was a mandatory condition for completing treatment and being released. Johnson argued that the denial, therefore, impermissibly impaired his liberty interests

1

protected in the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The district court dismissed the petition, and Johnson has appealed. We affirm.

The factual premise of Johnson's constitutional claim is wrong, so the claim has no legal traction. Johnson cites language in the 2012 Resident Handbook for the sexually violent predator program. The handbook describes the vocational and work training programs as providing job skills and education likely to enhance the participant's employability. Nothing in the handbook states participation in the programs is mandatory or a condition for completion of treatment. In the same section, the handbook points out that "[v]ocational [t]raining is considered a necessary part of the overall treatment process." The handbook explains that marketable work skills increase the chances a participant in the treatment program will find employment upon discharge and that regular employment will tend to avert recidivist behavior.

So the handbook both identifies job programs and announces that works skills are important to securing a job upon discharge. Plainly, a confined sexually violent predator with existing work skills doesn't have to participate in the vocational and work training programs. The State said as much in its response in the district court. The State also represented the handbook has been revised to eliminate any possible ambiguity and to make clear that participation in the jobs programs is not a necessary condition for release.

The district court correctly found Johnson failed to state grounds showing the impairment of his liberty interests and, therefore, correctly denied habeas corpus relief.

On appeal, the State alternatively argues that Johnson did not timely appeal the district court's ruling on his petition. Another panel of this court issued a show cause order as to the timeliness of the appeal. Both Johnson and the State filed responses. That panel then issued a short order retaining the appeal. It did not defer the issue to this panel

to be considered with the merits. We, therefore, construe the order to be a finding that Johnson timely filed his appeal. We decline to revisit the issue.

Affirmed.